UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY DONELLE CUMMINGS,

    Petitioner,                               Case Number 2:21-CV-11067
                                                       HONORABLE VICTORIA A. ROBERTS
v.                                                        UNITED STATES DISTRICT JUDGE

CONNIE HORTON,

    Respondent,
_____/

**<u>OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Percy Donelle Cummings, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction out of the Genesee County Circuit Court for first-degree felony murder, first-degree home invasion, unarmed robbery, carjacking, and being a third felony habitual offender. Petitioner also filed an emergency motion to be placed in home confinement based on the current Coronavirus Pandemic and his fear that he might be infected with the disease while incarcerated.

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals

1

so that Petitioner may obtain permission to file a successive petition for writ of habeas corpus.

## I. Background

Petitioner filed a petition for writ of habeas corpus, challenging this conviction. The petition was denied on the merits. *Cummings v. Lafler,* No. 07-12158, 2009 WL 3602079 (E.D. Mich. Oct. 27, 2009); *aff'd* No. 09-2502 (6th Cir. Mar. 3, 2011); *cert. den.* 565 U.S. 842 (2011).

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time

2

it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner previously filed a habeas petition which was denied on the merits. The current petition is a successive petition within the meaning of § 2244(b)(3).

Petitioner also filed an emergency motion to be released to home confinement based on the Coronavirus Pandemic.

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)(*citing Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable in a habeas petition. *Id.* (*citing Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's habeas petition and his emergency motion, construed liberally, seeks release from custody on the ground that he is in danger of contracting the

3

Coronavirus while incarcerated and that no set of conditions of confinement could prevent him from being infected with the virus. The petition thus states a cognizable claim for habeas relief.

Petitioner's challenge to the conditions of his confinement in order to obtain release on his conviction is a successive habeas petition within the meaning of § 2244(b); this Court lacks jurisdiction to entertain the habeas petition in the absence of authorization from the Sixth Circuit to permit Petitioner to file this petition. *See In re Sapp*, 118 F.3d 460, 463–64 (6th Cir. 1997); *See also Anderson v. Winn*, No. 2:20-CV-12047, 2020 WL 4583841, at * 2 (E.D. Mich. Aug. 7, 2020).

Petitioner's motions for an evidentiary hearing, for the appointment of counsel, and for remand are denied without prejudice. A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to Court of Appeals on the ground that it is a second or successive petition. *Jackson v. Sloan*, 800 F. 3d 260, 261 (6th Cir. 2015). This Court lacks jurisdiction pursuant to 28 U.S.C.A. §§ 1631 and 2244(b)(3)(A) to consider petitioner's motions. *Id.*

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/ Victoria A. Roberts<br>
HON. VICTORIA A. ROBERTS<br>
UNITED STATES DISTRICT JUDGE

DATED: May 24, 2021